JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5044
   FAX: (408) 535-5081
   James.Scharf@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GURMAIL S. BATH,<br><br>          Plaintiff<br><br>    v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE<br><br>          Defendant | Case No.  C 07 03521 JW<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: January 17, 2008<br>Time: 10:00 a.m.<br>Department: 8<br>Judge: Hon. James Ware |

The parties to the above-entitled action submit this Joint Case Management and request the Court to issue a Case Management Order consistent with the dates proposed herein. If the Court can adopt such an Order from this statement, the parties further request the Court to vacate the case management conference, unless the Court would benefit from having the conference go forward.

  1 No jurisdictional issues exist and all parties have been served and have appeared.

  2. Plaintiff's factual contentions: Plaintiff was born, raised and educated in India, where he obtained a college degree in math and physics and taught math and physics for 12 years, before immigrating to the United States. Plaintiff began working at the Post Offices where by all accounts he was a diligent and hardworking employee who did not miss a single day of work in 19 years until the day a large parcel fell on his head, neck and shoulder, leaving him seriously injured.

-1-

Unable to work for the first time in his life and in constant pain, Plaintiff was placed in the worker's compensation program. Feeling worthless and unable to provide for his family, Plaintiff became clinically depressed and attempted suicide. After his suicide attempt Plaintiff's family intervened and suggested he try to improve his mental state by getting out of the house. They suggested he try driving a taxi cab.

Plaintiff decided to look into getting into the cab driving business, which required a considerable initial investment. Plaintiff had not yet reported his attempts start a taxi cab business to the Postal Service or the Office of Worker's Compensation Programs, (OWCP) because his business never came close to making a profit and in fact, he lost money on the venture.

Upon discovering that Plaintiff was driving a cab the Postal Service terminated Plaintiff, alleging that by working while on disability without informing the OWCP plaintiff was committing worker's compensation fraud.  Plaintiff alleges that the Postal Service repeatedly ignored the fact that he was suffering from a mental disability (clinical depression) and the Postal Service terminated him even though they knew no fraud had occurred because the business had never made a profit. Plaintiff alleges that his requests for accommodation were ignored and he was terminated due to his mental and physical disability, race and religion.  Plaintiff alleges that similarly-situated non-Indian, non-Sikh employees in the same or similar circumstances would not have been terminated for those reasons.

 The principle factual issues in dispute are whether Defendant engaged in conduct which constituted unlawful discrimination or whether actions taken with respect to Plaintiff were for legitimate and non discriminatory reasons.

3. Legal Issues- Whether Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act of 1973

4. Motions- No motions have been filed or are pending.  Defendant intends to file a motion for summary judgment after completing basic discovery, including Plaintiff's deposition.

5. N/A

6. Evidence Preservation: Plaintiff has preserved all relevant evidence.

7. Disclosures have not yet occurred because until recently, Plaintiff was unrepresented.

8. Discovery

Pre-Discovery Disclosures: The parties will exchange by March 7, 2008, the information required by Federal Rules of Civil Procedure 26(a)(1).

Discovery Plan: Discovery has not yet commenced. Defendant intends to serve interrogatories and requests for production of documents following the case management conference. Once this paper discovery is completed, Defendant intends to depose Plaintiff, and possibly have plaintiff examined by a psychiatrist. The parties request no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules.

Plaintiff agrees to submit to an independent medical examination should one be requested by defendant.

Plaintiff also agrees to sign an appropriate, HIPPA compliant, authorization for the release of medical, employment and insurance records, to expedite obtaining these records through subpoena.

9. N/A

10. N/A

11. Plaintiff seeks wage loss, other compensatory damages and attorney's fees and costs.

12. Plaintiff is amenable to mediation and believes that early settlement discussions would be fruitful in this case. Defendant requests that ADR be delayed until after Defendant's anticipated motion for summary judgment is adjudicated. Defendant is not willing to engage in settlement discussions at this time because defendant is not aware of any evidence of prohibited discrimination.

13. The parties do not consent to a Magistrate Judge for all purposes.

14. N/A

15. The parties will work to narrow the issues through appropriate stipulations prior to the Pretrial Conference.

16. The parties do not believe an expedited schedule is necessary or appropriate.

17. The parties request the following cut-offs: Non-expert discovery cutoff: August 29, 2008. Experts identified and reports due: October 3, 2008. Last day to hear all dispositive motions: October 3, 2008. Rebuttal/supplemental experts identified and reports due: October 31,

2008. Last day to hear all dispositive motions: October 31, 2008. The parties request a Pretrial Conference in November or December 2008 and a trial in late January 2009.

    18. The parties anticipate that a jury trial would take approximately one to two weeks.

    19. N/A

    20. N/A

Respectfully submitted,

JOSEPH P. RUSSONIELLO  
United States Attorney

DATED: January 7, 2008              _____/S/_____  
JAMES A. SCHARF  
Assistant U.S. Attorney  
Attorney for Defendant

DATED: January 7, 2008              _____/S/_____  
ISRAEL RAMIREZ  
Attorney for Plaintiff