JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5044
FAX: (408) 535-5081
james.scharf@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GURMAIL S. BATH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>　　　　Defendant. | No. C 07 03521 JW<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

　　　　IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Gurmail S. Bath ("Plaintiff") and defendant JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, (hereinafter "defendants" or "Agency" ), by and through their undersigned counsel, as follows:

　　　　1.　　The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

　　　　2.　　Plaintiff shall promptly submit to the Agency's attorney of record PS Form 2574, stating plaintiff is resigning from the Agency effective as of the date he was terminated.

　　　　3.　　Upon receipt of the completed PS Form 2574, the Agency shall promptly accept plaintiff's voluntary resignation as of that termination date, convert the termination to a voluntary

resignation as of the termination date, and issue a PS Form 50, stating that plaintiff resigned effective that termination date.

4. Upon receipt of the completed PS Form 2574, the Agency shall also purge the removal notice and documents pertaining to the removal reason from plaintiff's personnel file.

5. In response to inquiries from prospective employers, the Agency shall only disclose plaintiff's job title and grade, dates of employment, annual salary, date of resignation, and that he resigned.

6. Plaintiff shall not apply to work for the Agency for a period of 15 years from the date of execution of this settlement agreement.

7. This agreement does not require the Agency to reinstate plaintiff from the date of termination until now so that plaintiff can qualify for retirement or reinstate his health insurance. Nor does this agreement require the Agency to make any monetary payment of any kind to plaintiff or his attorney. While Plaintiff is not gaining additional benefits by signing this agreement, Plaintiff is not giving up any retirement benefits or other benefits that he has earned and that he is, or will be eligible for. In addition, Plaintiff is currently still under treatment for the injuries he suffered while employed at the Postal Service through the Office of Workers' Compensation Programs (OWCP) and his medications are still being paid though the Office of Workers' Compensation Programs (OWCP). By signing this agreement, Plaintiff is not giving up any right to continue receiving Office of Workers' Compensation Programs (OWCP) treatment or benefits.

8. The plaintiff and his heirs, executors, administrators, assigns and attorneys hereby agree to accept said Agency actions, in full and final settlement and satisfaction of all of the claims raised in This Action or that could be raised in This Action under the terms and conditions set forth herein.

9. It is also agreed, by and among the parties, that neither plaintiff nor any of his attorneys may make any claim for attorney's fees or other costs against defendants. It is also agreed, by and among the parties, that the respective parties will bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid by solely by plaintiff and

not by defendants.

10.   In consideration of the Agency actions as set forth above, the plaintiff agrees that he will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action.  The fully executed Stipulation of Dismissal will be held by counsel for the defendants and will be filed with the Court upon completion of all actions set forth above.

11.   In consideration of the Agency actions set forth above, subject to the terms contained in paragraph 7, the plaintiff hereby releases and forever discharges the defendants, and any and all of their past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims under any and all federal employment discrimination statutes, worker's compensation laws, Federal Tort Claims Act ("FTCA"), all constitutional or *Bivens* claims, any and all current or future claims by plaintiff's children, and any other claim relating to plaintiff's employment with the Agency, or any and all claims that could have been asserted in the Complaint, including any and all claims for employment discrimination, worker's compensation or personal injury.

12.   In consideration of actions to be taken by the Agency set forth above, the plaintiff further agrees that he may not and will not use or rely on the incidents and actions underlying the Complaint in any other administrative proceeding, state court action or federal court action to prove any kind of further or future claim against the United States or its agencies and employees.

13.   The provisions of California Civil Code Section 1542 are set forth below:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have

SETTLEMENT AGREEMENT
C 07 03521 JW

materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's alleged damages and the liability of the defendants, or its agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by him to be true, this agreement shall be and remain effective notwithstanding such material difference.

14. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the defendants or their agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

15. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

16. Plaintiff will indemnify and hold harmless defendants from any claim by any person or entity against defendants arising out of plaintiff's failure to undertake the actions required by this settlement agreement.

17. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

18. Each party acknowledges that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

19. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be

affected or impaired thereby.

20. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

21. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

22. The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

23. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: July 26, 2008

GURMAIL S. BATH
Plaintiff

Dated: July 26, 2008

ISRAEL RAMIREZ
Attorney for Plaintiff

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: ~~July~~ 8-20, 2008    By:

JAMES A. SCHARF
Assistant United States Attorney
Attorney for the Federal Defendant
United States of America

PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT,
APPROVED AND SO ORDERED:

SETTLEMENT AGREEMENT
C 07 03521 JW

Dated: _____

_____
Hon. James Ware
United States District Court Judge

SETTLEMENT AGREEMENT
C 07 03521 JW